UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
THE ANNUITY, WELFARE, APPRENTICESHIP SKILL
IMPROVEMENT & SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 15, 15A, 15C and 15D, AFL-CIO by its TRUSTEES
JAMES T. CALLAHAN, FRANCIS P. DIMENNA,
ROBERT SHAW and RUSSELL SHAW, and JOHN and
JANE DOE, as Beneficiaries of the ANNUITY, WELFARE,
APPRENTICESHIP SKILL IMPROVEMENT & SAFETY
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO,

**AFFIDAVIT IN SUPPORT
OF DEFAULT JUDGMENT**

07-CIV-10695 (LTS) (RLE)

                                    Plaintiffs,

            -against-

BEDROC CONTRACTING, LLC,

                                    Defendant.
-------------------------------------------------------------------------------X

        JAMES M. STEINBERG, being duly sworn, deposes and says:

        1.        I am a member of the law firm of BRADY McGUIRE & STEINBERG, P.C.,

attorneys for the Plaintiffs in the above-entitled action and am fully familiar with all the facts and

circumstances of this action.

        2.        I make this affidavit pursuant to Rules 55.1 and 55.2(a) of the Civil Rules for the

Southern District of New York in support of the Plaintiffs' application for the entry of a default

judgment against Defendant BEDROC CONTRACTING, LLC

        3.        This is an action arising under the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA") to recover delinquent fringe benefit

contributions owed to the ANNUITY, WELFARE and APPRENTICESHIP SKILL

IMPROVEMENT & SAFETY FUNDS of the INTERNATIONAL UNION OF OPERATING

ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO (the "LOCAL 15 FRINGE BENEFIT FUNDS").

4.      The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

5.      This action was commenced on November 30, 2007 by the filing of the Summons and Complaint. A copy of the Summons and Complaint was served on Defendant BEDROC CONTRACTING, LLC on December 10, 2007, by a Process Server who personally served Michael Nasert, the Chief Executive Officer of Defendant BEDROC CONTRACTING, LLC. Proof of said service was filed with the court on December 17, 2007 through the ECF System. (A copy of the Summons and Complaint, along with the Proof of Service is annexed hereto as Exhibit "A".)

6.      On July 20, 2007 an audit was conducted of the Defendant's payroll records and a report subsequently issued on August 20, 2007, identifying an outstanding fringe benefit deficiency as being owed to the LOCAL 15 FRINGE BENEFIT FUNDS in the amount of $39,332.18. (A copy of the audit report is annexed hereto as Exhibit "B".)

7.      Despite the Plaintiffs' repeated demands that the deficiency be satisfied, no portion of the remaining scheduled deficiency has been collected from the Defendant and this amount remains outstanding.

8.      As a result of the Defendant failing to satisfy the scheduled deficiency, and not otherwise answering nor otherwise moving against the Complaint, and that said Defendant's time to do so has expired, the Plaintiff LOCAL 15 FRINGE BENEFIT FUNDS respectfully request the monetary relief detailed hereafter as against said Defendant be ordered.

9.    Plaintiffs suggest that they are entitled to damages as follows:

(a)    $39,332.18 in delinquent contributions due and owing to the LOCAL 15
FRINGE BENEFIT FUNDS in accordance with ERISA, 29 U.S.C. Section
1132(g)(2)(A);

(b)    $3,933.21 in interest on the principal sum of $39,332.18 calculated at
the rate of 7.5% per year, running from October 9, 2006 through January 29,
2008 in accordance with ERISA, 29 U.S.C. Section 1132(g)(2)(B) which
prescribes that interest shall accrue at the rate provided under the Plan or, if
none, the rate prescribed under Section 6621 of the Internal Revenue Code.
Herein, the Plans provide for an interest rate of 1% over the prime rate which
is currently 6.5%;

(c)    $3,933.21 in statutory damages on the principal sum of $39,332.18
calculated at the rate of 7.5% in accordance with ERISA, 29 U.S.C. Section
1132(g)(2)(C)(ii);

(d)    $1,638.75 in attorneys' fees in accordance with ERISA, 29 U.S.C. Section
1132(g)(2)(D); and

(e)    $445.00 in costs and disbursements in accordance with ERISA, 29 U.S.C.
Section 1132(g)(2)(D).

Amounting in all to $49,282.35, as shown by the annexed Statement of Damages, which is justly

due and owing, and no part of which has been paid except as therein set forth.

10.    The disbursements sought to be taxed have been made in this action or will

necessarily be made incurred herein.

11.    The statutory damages identified herein are authorized by ERISA, 29 U.S.C. Section

1132(g)(2)(C)(ii) and attorneys' fees are authorized by ERISA, 29 U.S.C. Section 1132(g)(2)(D).

12.    The sum of $1,638.75 represents my law firm's charges to the client, the LOCAL 15

FRINGE BENEFIT FUNDS, for legal services in connection with this litigation. My services are

billed at $285.00 per hour.

13.    On daily time sheets I detail the specific services I perform on behalf of the client

which includes: the date of an activity; the specific activity or activities engaged in; the initials

identifying the person that performed the work; and the amount of time expended. This information is thereafter maintained by the law firm in its permanent records and transferred to monthly billing invoices sent to the client. (Annexed hereto as Exhibit "C" is a synopsis of the legal services performed on behalf of this client).

14.     I have reviewed Exhibit "C" and it accurately reflects the expenditure of my time r in this case. In fact, the total number of hours expended by us on behalf of the Plaintiffs is recorded on Exhibit "C" for which compensation is sought as follows: James M. Steinberg ("JMS")—5.75 hours.

15.     A lodestar amount, if calculated by multiplying the number of hours reasonably expended by the aforementioned hourly rate, would result in a fee as follows:  James M. Steinberg, 5.75 hours *times* $285.00 = $1,638.75.

16.     I hereby submit that the services for which I seek compensation were reasonable and necessary under the circumstances.  I further submit that these attorneys' fees may be awarded by the Court in the sound exercise of its discretion in light of the following factors:

     (a)    The fact that attorneys' fees may be awarded pursuant to ERISA, 29 U.S.C. Section 1132(g)(2)(D);

     (b)    The Defendant's clear and inexcusable culpability in this matter;

     (c)    The amount to be paid in attorneys' fees is reasonable;

     (d)    The fact that it would be grossly inequitable to require the Plaintiffs to absorb the cost of Defendant's clear and intentional disregard of its contractual and legal responsibilities; and

     (e)    The fact that an award of attorneys' fees will underline the seriousness of offenses against ERISA Funds and prove a deterrent to delinquencies on the part of this and other employers in the future.

17.     The relief sought herein has not previously been requested.

**WHEREFORE**, the Plaintiffs request the entry of Default and the entry of the annexed

Judgment against Defendant BEDROC CONTRACTING, LLC.

JAMES M. STEINBERG

Sworn to before me this
29th day of January, 2008

Notary Public

Matthew G. McGuire
Notary Public, State of New York
No. 02MC5085290
Qualified in Rockland County
Commission Expires July 26, 20 09

EXHIBIT "A"

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK

The Annuity, Welfare and Apprenticeship Skill
Improvement & Safety Funds of the International
Union of Operating Engineers Local 15, 15A, 15C
& 15D, AFL-CIO et al.

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

Bedroc Contracting, LLC

## '07 CIV 10695

## JUDGE SWAIN

TO: (Name and address of defendant)

Bedroc Contracting, LLC
340 Orient Way
Lyndhurst, New Jersey 07071

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

BRADY McGUIRE & STEINBERG, P.C.
603 WARBURTON AVENUE
HASTINGS-ON-HUDSON, NEW YORK 10706

an answer to the complaint which is herewith served upon you, within _____ Twenty (20) _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. Michael McMahon

CLERK                    CLERK

DATE    NOV 3 0 2007

(BY) DEPUTY CLERK

| STATE OF    NEW YORK | | EX NO: 07CIV 10695 |
| COURT:    UNITED STATES DIST    COURT SOUTHERN DISTRICT | | Filed:    11/30/2007 |

| Plaintiff(s)/Petitioner(s) | THE ANNUITY,WELFARE AND APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 15, 15A,15C & 15D, AFL-CIO ET AL |
| | Vs. |
| Defendant(s)/Respondent(s) | BEDROC CONTRACTING, LLC |

STATE OF   NEW JERSEY

COUNTY OF: BERGEN                                                                                                    SS.

The undersigned deponent, being duly sworn deposes and say that said deponent is not a party to this action, is over 18 years of age and resides in the State of         NEW JERSEY
Process Served:                                         Deponent served the within process as follows:

Process Served:    SUMMONS AND COMPLAINT

Party Served:    BEDROC CONTRACTING, LLC

At Location:    340 ORIENT WAY

LYNDHURST, NJ 07071

Date of Service   December 10, 2007    Time of service   12:17 PM

### Check boxes that apply to this service:

☐ **#1, INDIVIDUAL** By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

☒ **#2, CORPORATION** By delivering to and leaving with   Michael Nasert   and that deponent knew the person so served to be the   Chief Executive Officer   of the corporation and authorized to accept service..

☐ **#3, SUITABLE AGE PERSON** By delivering to and leaving with _____ a person of suitable age and discretion. Said premises is recipient's  [ ]actual place of business  [ ]dwelling house(usual place of abode) within the state.

☐ **#4, AFFIXING TO DOOR** By affixing a true copy of each to the door of said premises, which is recipient's  [ ] actual place of business        [ ]dwelling house(usual place of abode) within the state.

☐ **#5, MAILING COPY** On_____, deponent completed service under the last two sections by depositing a copy of the to the above address in a First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of
Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat

| on the ____ | day of _____ | at _____ |
| on the ____ | day of _____ | at _____ |
| on the ____ | day of _____ | at _____ |
| on the ____ | day of _____ | at _____ |

☐ **#6, NON-SERVICE** After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following: [ ] Unknown Address    [ ] Evading
[ ] Moved left no forwarding  [ ] Address does not exist
[ ] Other _____

☒ **#7, DESCRIPTION** A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:

Sex: M   Color of Skin: White   Color of Hair: bald   Age: 50   Height: 5'7"

Weight: 180   Other Features _____

☐ **#8, WITNESS FEES** $_____ the authorizing traveling expenses and one day's witness fee was paid(tendered) to the recipient.

☐ **#9, MILITARY SERVICE** Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or on active duty in the military service in the State of New York and was informed _____ was not.

Sworn to before me on 12/12/07

DONNA JEAN ARQUOLO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires  1/07/12

James Reap

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------X

THE ANNUITY, WELFARE, APPRENTICESHIP SKILL
IMPROVEMENT & SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 15, 15A, 15C and 15D, AFL-CIO, by its TRUSTEES
JAMES T. CALLAHAN, FRANCIS P. DIMENNA, ROBERT
SHAW and RUSSELL SHAW, and JOHN and JANE DOE,
as Beneficiaries of the ANNUITY, WELFARE and
APPRENTICESHIP SKILL IMPROVEMENT & SAFETY
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO,

**COMPLAINT**

'07 CIV 10695

Plaintiffs,

**JUDGE SWAIN**

-against-

BEDROC CONTRACTING, LLC,

Defendant.

----------------------------------------------------------------------------X

Plaintiffs, by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their

Complaint, respectfully allege:

1.    This is an action arising under the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") to recover delinquent contributions owed

to multi-employer/employee fringe benefit trust funds.

## JURISDICTION

2.    The subject matter jurisdiction of this Court is invoked pursuant to Sections 502

and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

3.    Venue is properly laid in the Southern District of New York pursuant to Section

502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that, as shown below, the ANNUITY,

WELFARE, APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS of the

INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 15, 15A, 15C and 15D,

AFL-CIO ("LOCAL 15") are administered in the County of New York, State of New York at 265

West 14th Street, City and County of New York, State of New York.

## THE PARTIES

4.    The LOCAL 15 ANNUITY, WELFARE, APPRENTICESHIP SKILL

IMPROVEMENT AND SAFETY FUNDS (hereinafter collectively referred to as the "LOCAL

15 TRUST FUNDS") are joint trustee funds established by various trust indentures pursuant to

Section 302 of the LMRA, 29 U.S.C. § 186. The Trustees of the LOCAL 15 TRUST FUNDS

maintain the subject plans at offices located at 265 West 14th Street, New York, New York

10011.

5.    JAMES T. CALLAHAN, FRANCIS P. DIMENNA, ROBERT SHAW and

RUSSELL SHAW are Trustees of the LOCAL 15 ANNUITY, WELFARE, APPRENTICESHIP

SKILL IMPROVEMENT AND SAFETY FUNDS and are "fiduciaries" within the meaning of

Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.    The LOCAL 15 TRUST FUNDS also operate as the administrative representative

of the Central Pension Fund of the International Union of Operating Engineers responsible for

the collection of defined pension benefit contributions owed by entities maintaining collective

bargaining agreements with LOCAL 15.

7.    The LOCAL 15 ANNUITY FUND is an employee pension benefit plan within the

meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2), established for the

purpose of providing retirement income to employees.

8.    The LOCAL 15 WELFARE and APPRENTICESHIP SKILL IMPROVEMENT

AND SAFETY FUNDS, are employee welfare benefit plans within the meaning of Section 3(1)

of ERISA, 29 U.S.C. § 1002(1), established for the purpose of providing medical, vacation and
other benefits to the employees of contributing employers.

9.      JOHN and JANE DOE are beneficiaries of the LOCAL 15 TRUST FUNDS
within the meaning of Section 3(8) of ERISA, 29 U.S.C. § 1002(8).

10.     The LOCAL 15 TRUST FUNDS constitute multi-employer/employee benefit
plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

11.     Upon information and belief, Defendant, BEDROC CONTRACTING, LLC
("BEDROC") was and still is a New York corporation, with its principal place of business
located at 340 Orient Way, Lyndhurst, New Jersey 07071.

12.     Upon information and belief, BEDROC was and still is a foreign corporation duly
licensed to do business in the State of New York.

13.     Upon information and belief, BEDROC was and still is a foreign corporation
doing business in the State of New York.

14.     Upon information and belief, BEDROC is an employer within the meaning of
Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## AS AND FOR A FIRST CAUSE OF ACTION

15.     Plaintiffs repeat and reallege each and every paragraph of the Complaint
numbered 1 through 14 inclusive, with the same force and effect as though more fully set forth at
length herein.

16.     At all relevant times, BEDROC agreed to be bound by the terms and conditions of
a collective bargaining agreement with LOCAL 15 dated September 5, 2004 (hereinafter the
"Collective Bargaining Agreement").

17.    In accordance with the underlying Collective Bargaining Agreement and the Plan Documents, the Defendant consented to the performance of an audit of BEDROC'S books and records to determine whether the Defendant had made all of its required fringe benefit contributions to the LOCAL 15 TRUST FUNDS in accordance with the Collective Bargaining Agreement on behalf of the members of LOCAL 15 within its employ for the period of July 1, 2003 through October 8, 2006.

18.    That on or about August 20, 2007, the results of said audit were detailed by the Plaintiff's auditor which determined that the Defendant had failed to provide the contractually required fringe benefit contributions for the members of LOCAL 15 in its employ for the period of July 1, 2003 through October 8, 2006 in the amount of $39,332.18.

19.    Upon information and belief, BEDROC has failed to make the contractually required fringe benefit contributions to the LOCAL 15 TRUST FUNDS for the period of July 1, 2003 through October 8, 2006 in the amount of $39,332.18 in violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

20.    Upon information and belief, BEDROC may owe additional contributions for the period of October 9, 2006 through Present as required by Section 515 of ERISA, 29 U.S.C. § 1145. The precise figure for the period of October 9, 2006 through Present cannot be determined because the Defendant may not have filed accurate employment reports for those months in which it was required to make contributions as required by the Collective Bargaining Agreement and Section 209 of ERISA, 29 U.S.C. § 1059.

21.    Despite repeated efforts by the LOCAL 15 TRUST FUNDS to collect the contributions owed, BEDROC remains delinquent in making the proper contributions and has

failed to pay any portion of the outstanding contributions owed to the LOCAL 15 TRUST FUNDS as detailed above.

22.     Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

23.     Accordingly, as a direct and proximate result of BEDROC'S defaults, omissions and breaches of the Collective Bargaining Agreement and Section 515 of ERISA, Defendant BEDROC is liable to the Plaintiffs in the amount of no less than $39,332.18 along with potentially additional contributions for the subsequent period not covered by the audit, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees, and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

## AS AND FOR A SECOND CAUSE OF ACTION

24.     Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 23 inclusive, with the same force and effect as though more fully set forth at length herein.

25.     Under the terms of the Collective Bargaining Agreement and ERISA, an employer is required to make payments to the LOCAL 15 TRUST FUNDS and the Central Pension Fund based upon an agreed sum or percentage for each employee hour of its hourly payroll worked or

wages paid, and to report such employee hours and wages to the LOCAL 15 TRUST FUNDS and the Central Pension Fund.

26.    Under the terms of the LOCAL 15 TRUST FUNDS' Agreements, the Central Pension Fund's Trust Fund Agreement, State law and ERISA, Plaintiffs are entitled to audit BEDROC'S books and records.

27.    Upon information and belief, Defendant may have underreported the number of employees, the amount of employee hours and wages paid to its employees and the contributions due for the period of October 9, 2006 through Present.

28.    Plaintiffs therefore demand an audit of BEDROC'S books and records.

**WHEREFORE**, Plaintiffs demand judgment on the First Cause of Action as follows:

1.    Of Defendant BEDROC CONTRACTING, LLC, in the amount of contributions determined to be due and owing to the Funds of $39,332.18, plus any additional monies that may be determined to become justly due and owing to the LOCAL 15 TRUST FUNDS during the pendency of this action and before final judgment, together with:

    a.    Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendants, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

    b.    Statutory damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

    c.    Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

    d.    Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

WHEREFORE, Plaintiffs demand judgment on the Second Cause of Action as follows:

1.    An order requiring Defendant BEDROC CONTRACTING, LLC to submit all

books and records to Plaintiffs for audit at its cost in accordance with Section 502(g)(2)(E) of

ERISA, 29 U.S.C. § 1132(g)(2)(E);

2.    Such other and further relief as the Court may deem just and proper in accordance

with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Hastings-on-Hudson, New York
       November 26, 2007

                                   Yours, etc.

                                   BRADY McGUIRE & STEINBERG, P.C.

                         By:       James M. Steinberg (JS-3515)
                                   Attorneys for Plaintiffs
                                   603 Warburton Avenue
                                   Hastings-on-Hudson, New York 10706
                                   (914) 478-4293

EXHIBIT "B"

## LOCAL 15

| | | | |
|---|---|---|---|
| Employer | BEDROC CONTRACTING, L.L.C. | | |
| Address | 340 Orient Way, Lyndhurst, New Jersey 07071 | | |
| Mail Recap To | 340 Orient Way, Lyndhurst, New Jersey 07071 | | |
| Telephone # | 201-935-6600 | Ext. | Fax # | 201-372-1310 |
| Email Address | | | |
| Contact | Ms. Yolanda Wisnet | Position | Payroll Manager |
| Principal | | Position | |

| Audit Period | | |
|---|---|---|
| Audit Period | 15A- | 07/01/2003 - 07/31/2006 |
| | 15C- | 10/09/2003 - 10/08/2006 |

| | | |
|---|---|---|
| Due local 15, 15A | $ | 27,350.18 |
| | | |
| Due local 15C (GCA) | $ | 11,982.00 |
| Total Amount Due | $ | 39,332.18 |

8/20/2007

# LOCAL 15A FRINGE BENEFIT DEFICIENCY

BEDROC CONTRACTING, L.L.C.
Audit Period From 07/01/2003 To 07/31/2006

APPENDIX A

| Period | NAME | SSN | P/R Hours | | Redeemed Hours | | Difference | |
|---|---|---|---|---|---|---|---|---|
| | | | Reg | DT | Reg | DT | Reg | DT |
| **15, 15A** | | | | | | | | |
| 07/01/2004 - 06/30/2005 | BURKE * FRANK | 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 | | | | | | |
| | HOURS OVERREDEEMED 7/1/05-7/31/06 | | 320.00 | 0.00 | 0.00 | 0.00 | 320.00 | 0.00 |
| | | | 320.00 | 0.00 | 0.00 | 0.00 | 320.00 | 0.00 |
| | CREDIT FOR UNREDEEMED HOURS | | | | | | -120.00 | -0.00 |
| | TOTAL HOURS DUE | | | | | | 200.00 | 0.00 |
| | FRINGE BENEFIT RATE | | | | | | -0.00 | -0.00 |
| | FRINGE BENEFIT DEFICIENCY | | | | | | 200.00 | 0.00 |
| | | | | | | | 20.00 | 35.85 |
| | TOTAL AMOUNT DUE 7/1/04 - 6/30/05 | | | | | | 4,000.00 | 0.00 |
| | | | | | | | | $ 4,000.00 |
| **15, 15A** | | | | | | | | |
| 07/01/2005 - 07/31/2006 | KOLODZIEJ * ANDRZEJ | 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 | 2,072.00 | 95.00 | 1,880.00 | 0.00 | 192.00 | 95.00 |
| | MAREK * MIECZYSLAW | 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 | 1,873.00 | 140.50 | 1,680.00 | 0.00 | 193.00 | 140.50 |
| | MSCICHOWSKI * WIESLAW | 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 | 1,645.00 | 140.00 | 1,600.00 | 0.00 | 45.00 | 140.00 |
| | | | 5,590.00 | 375.50 | 5,160.00 | 0.00 | 430.00 | 375.50 |
| | CREDIT FOR UNREDEEMED HOURS | | | | | | -0.00 | -0.00 |
| | TOTAL HOURS DUE | | | | | | 430.00 | 375.50 |
| | FRINGE BENEFIT RATE | | | | | | 21.25 | 37.85 |
| | FRINGE BENEFIT DEFICIENCY | | | | | | 9,137.50 | 14,212.68 |
| | TOTAL AMOUNT DUE 7/1/05 - 7/31/06 | | | | | | | $ 23,_.8 |
| | **GRAND TOTAL FRINGE BENEFIT DEFICIENCY:** | | | | | | | $ 27,350.18 |

8/20/2007

# LOCAL 15C FRINGE BENEFIT DEFICIENCY

APPENDIX A

BEDROC CONTRACTING, L.L.C.
Audit Period From 10/09/2003 To 10/08/2006

| NAME | SSN | P/R Hours | | | Redeemed Hours | | | Difference | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Reg | OT | DT | Reg | OT | DT | Reg | OT | DT |
| BERNARD * TIMOTHY 10/9/04 - 10/8/05 15C (GCA) | 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 | 1,400.00 | 0.00 | 0.00 | 1,120.00 | 0.00 | 0.00 | 280.00 | 0.00 | 0.00 |
| | | 1,400.00 | 0.00 | 0.00 | 1,120.00 | 0.00 | 0.00 | 280.00 | 0.00 | 0.00 |
| CREDIT FOR UNREDEEMED HOURS | | | | | | | | 0.00 | 0.00 | 0.00 |
| TOTAL HOURS DUE | | | | | | | | 280.00 | 0.00 | 0.00 |
| FRINGE BENEFIT RATE | | | | | | | | 18.30 | 25.38 | 32.45 |
| FRINGE BENEFIT DEFICIENCY | | | | | | | | 5,124.00 | 0.00 | 0.00 |
| TOTAL AMOUNT DUE 10/9/04-10/8/05: | | | | | | | | 5,124.00 | 0.00 | 0.00 $ 5,.00 |
| BERNARD * TIMOTHY 10/9/05 - 10/8/06 15C (GCA) | 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 | 2,080.00 | 0.00 | 0.00 | 1,720.00 | 0.00 | 0.00 | 360.00 | 0.00 | 0.00 |
| | | 2,080.00 | 0.00 | 0.00 | 1,720.00 | 0.00 | 0.00 | 360.00 | 0.00 | 0.00 |
| CREDIT FOR UNREDEEMED HOURS | | | | | | | | 0.00 | 0.00 | 0.00 |
| TOTAL HOURS DUE | | | | | | | | 360.00 | 0.00 | 0.00 |
| FRINGE BENEFIT RATE | | | | | | | | 19.05 | 26.25 | 33.45 |
| FRINGE BENEFIT DEFICIENCY | | | | | | | | 6,858.00 | 0.00 | 0.00 |
| TOTAL AMOUNT DUE 10/9/05-10/8/06: | | | | | | | | 6,858.00 | 0.00 | 0.00 $ 6,858.00 |
| GRAND TOTAL FRINGE BENEFIT DEFICIENCY: | | | | | | | | | | $ 11,982.00 |

8/20/2007

EXHIBIT "C"

## HOURS EXPENDED BY COUNSEL

11/29/2007

    JMS    Drafted, revised and finalized Summons and Complaint for delinquent
    contributions; Prepared civil cover sheet and Rule 1.9 Statement to be
    filed with court    2.5 hrs

12/17/07

    JMS    Prepared Summons with Proof of Service for filing through ECF
    System with copy to Clerk of Court    0.25 hrs

1/29/08

    JMS    Prepared Default Judgment Motion for filing and service on
    Defendant    3.0 hrs

**Total:**    **5.75 hrs**